NOVEMBER 21, 1801.

# James Speed *v.* John Wilson.

*Upon a rehearing of an appeal from a decree of the Danville District Court.*

An entry can not be sustained where there is neither special description, nor notoriety of the objects called for.

The decree on which this rehearing was granted extends to the whole of the appellee's claim to the land in contest, and was intended to do so; but the opinion to introduce the decree only mentions the locations made on their settlement right, the court supposing that if the settlement failed, the pre-emption appendant on it must also fail. Indeed, when the court was making up the opinion, it could not find the pre-emption entry in the transcript of the record on which it was deciding, and hence also inferred that it was not much relied on. But the pre-emption entry stands in the transcript subjoined to another entry, as follows: "Andrew Cowan enters a pre-emption of 1000 acres on the head waters of Boone's Mill creek, to include his cabin, and the head waters of several small branches running into Kentucky and Dick's rivers. Also assignee of John Wilson, 1000 acres adjoining the above, including said Wilson's cabin." Therefore, in exempting Wilson's pre-emption, its entry ought to be taken in connection with the one preceding to which it alludes, and both be considered as one entry. Cowan's entry on his own pre-emption calling to lie on the head waters of Boone's Mill creek, and it appearing from the surveyor's report that those head waters are comprehended within small bounds, it is conceived that this call would have led subsequent adventurers so near his cabin that on reasonable search it might probably have been found and known, had the entry contained a description of it, by which it could have been distinguished from other cabins in its vicinity. But as such a description is not contained in the entry, and it does appear from the exhibits in that cause that it had that degree of notoriety which would have supplied the defect, the court can not say that it comes up to the requisitions of the law respecting entries on land warrants. This entry, therefore, does not give validity to Cowan's subsequent entry on his pre-emption warrant as assignee of Wilson, which only calls to adjoin the above and to include Wilson's cabin. And no particular description being given of the situation of the cabin intended, nor sufficient proof exhibited of its notoriety, the entry is also materially defective in this respect. And it need not be mentioned that if special description is lacking in an entry, notoriety can not be dispensed with by the court. But supposing there were no defects in Cowan's entry on his pre-emption warrant in his own right, it would be necessary to observe that the entry in question does not specify on which side of Cowan's pre-emption it was to adjoin; and it is obvious, from the surveyor's report, and

6

the other exhibits in this case, that if Cowan's pre-emption were surveyed to include his cabin and several small branches running into Kentucky and Dick's rivers, it would also include the place now shown where Wilson's cabin was erected. So that it can not be presumed that a cabin included in his own pre-emption entry is the same called for in his pre-emption as assignee of Wilson; consequently the calls to adjoin Cowan's pre-emption, and include Wilson's cabin, are repugnant, and the entry altogether vague. It has been urged by the counsel for the appellant that Cowan's pre-emption in his own right, as directed to be surveyed by the late supreme court for the district of Kentucky, in the suit of *Pawling* against *Meriwether's Heirs*, does not include Wilson's cabin; which makes it proper to suggest that this court, for the sake of uniformity of decisions, has always paid great respect to the adjudications of that court; yet it would be illegal and unjust that those who were not parties or privies should be bound by judgments or decisions of that or any other court, further than general principles or rules are thereby established.

Wherefore, it is decreed and ordered, that the former decree of this court, in this suit pronounced, do stand unaltered and have full force and effect; which is ordered to be certified to the said court.