MoKiNNEY, J.,
delivered the opinion of the court.
This was an action of ejectment, brought by Phillips against Pratt, in the circuit court of Bedford, on the 30th of November, 1852, under the act of 1852, eh. 152, § 2.
Phillips claims to be the owner in fee of the tract of land described in the declaration, in virtue of a purchase at execution sale. The land was levied upon and sold by the sheriff, on the 31st of July, 1851, as the property of one Hiram Edde, to satisfy a judgment recovered against him in favor of William Boon: and on the 26th of November, 1852, the sheriff executed a deed for said land to Phillips.
From the face of the officer's return, it appears that the levy was made on the 15th of February, 1852. The plaintiff on the trial of the case, offered no evidence of *545 title in Edde, the judgment-'debtor, to the land levied upon and sold. But the defendant introduced a title bond for said land, executed to said Edde by Joshua Yates, on the 24th of March, 1848, and a deed made by the Executors of Yates (who was dead) in pursuance of said bond, bearing date the 18th of February, 1852, three days after the date of the levy.
The action is against Pratt alone, who plead “not guilty.” The proof shows that the defendant was in possession of the land “ at the date of the sale,” but whether he was in possession at the time of the levy, does not appear. It does not appear that the defendant has any title to the land; nor is it shown that there existed any privity between him and Edde,- the judgment debtor.
The defendant proved that the 15th of February, the day on which the levy purports from the return to have been made, was Sunday. To rebut this, the officer was introduced by the plaintiff, who stated that he did not make the levy on Sunday; that it was made “ a few days before or after the 15th, on the day before or a day after.”
The officer also proved, that before he made the levy, one of the executors told him “ that he had made a deed for the land to Hiram Edde.” The form of the verdict is, “they find the issue in favor of the plaintiff, and assess his damages, by reason of the premises to five cents.” And the judgment upon this finding is, “that the plaintiff recover of the defendant his term yet to come of and in the lands and tenements in the declaration mentioned,” &c.
From this statement it is manifest, that the judgment is erroneous in several respects. 1. Upon the facts in *546 this record, no recovery cohid be had by the plaintiff without deraigning a title to the land sued for, by connected conveyances from the grant.
The principle, that a purchaser at Sheriff’s sale, in an action of ejectment against the execution debtor, who is shown to have been in possession at the time of the levy and sale, need not go behind the sheriff’s deed; and the record upon which it is founded, has no application to this case. It may be conceded, that a tenant of the execution debtor, who was in possession of the land at the time of the levy and sale, would be equally within the foregoing rule.
But in this case, there is no proof of any such relation, or of any privity between the defendant and Edde. And even if such privity was established, the fact that the defendant was in possession at the time of the sale, would be unavailing; it would be indispensible to show that he was in possession at the time of the levy, as held in a case, at the last term at Knoxville. From the fact of such possession, the prosumption of title arises.
, Under the general issue in ejectment, the plaintiff is put upon the proof as well of a valid legal title to the premises, as of a light of entry, at the time of the demise laid in the declaration. And if this be not done, the defendant, without showing any title in himself, may rely upon his possession as prima faoie evidence of title, and can only be deprived of his possession by the rightful owner, in whom is the legal estate, and also' the right of possession.
And the general rule is, in the absence of a privity in estate between the parties, that the plaintiff’s title *547 must be regularly and connectedly deduced from tbe grant; but to tbis rule thére are exceptions, arising out of tbe doctrine of presumption of title, and also out of tbe operation of tbe statute of limitations.
2. It was error to admit parol evidence by tbe officer, to contradict bis return as to tbe date of tbe levy. Tbis cannot be tolerated, after tbe official return bas become tbe foundation of a title acquired under tbe levy and sale, either for tbe purpose of impeaching or sustaining tbe validity of tbe purchaser’s title.
3. It was likewise error, to admit tbe declaration of one of tbe executor’s, tending to establish that tbe deed was in fact made at a different time from that which its date imports.
Tbis fact could not be established by parol evidence, on a trial in ejectment in a court of law, and were it even otherwise, tbe fact is not probable by tbe declaration of tbe executor.
4. If the defendant in tbe execution, were merely vested with an equitable title to tbe land at tbe time of tbe levy, tbe sale would be wholly inoperative, and would communicate no title to tbe purchaser, notwithstanding tbe execution debtor may have acquired tbe legal title in tbe interval between tbe time of the levy and sale. Upon no principle could such after acquired title be held, to enure to the benefit of tbe purchaser at tbe sheriff’s sale.
5. By tbe act of 1852, under which this action was brought, it is expressly required that “ tbe verdict shall specify tbe estate of tbe plaintiff, whether it be in fee, for life, or for years, and specifying tbe duration of the term,” and “the judgment for tbe plaintiff shall be, that *548 be recover tbe possession of the premises, according to the verdict,” &c.
These requirements of the statute are imperative, and they have been wholly lost sight of in the present case.
If the defect were in the judgment only, we might reverse and render the proper judgment here; but the omission being in the verdict, and that omission essential, it cannot be remedied.
The judgment will be reversed, and the case remanded.