SNEED, J.,
delivered the opinion of the court.
This was an action of ejectment to recover certain town lots in the town of Russellville. The plaintiff claimed under a Sheriff’s deed, The lots had been attached as the property of Benjamin F. Yoe, alleged to have been an absconding debtor, and the alleged landlord of the plaintiff in error, who was shown to have been in possession of the premises as tenant of the attachment debtor, at the time of the commencement of this action of ejectment, but it is shown that neither the attachment debtor nor his tenant were in possession when the attachment was levied. There was no other or further deraignment of title upon the trial beyond the production of the Sheriff’s deed, which was executed upon the sale of the lots in satisfaction of the judgment. The verdict and judgment were for the plaintiff below, from which the defendant appealed in error.
The defendant asked the court to charge the jury that to entitle the plaintiff to recover, he must show that the original defendant in the execution or attachment was in the actual possession of the property at *18 the date of the levy, or on failure to do so, he must show by competent evidence, that the execution debtor had the legal title, and that must be regularly de-raigned from the original grantor or in some other mode of deraigning title. These instructions were refused, the court observing to the jury that “if the principal debtor was claiming possession of the property by himself or his tenant, that was sufficient as stated in his written charge.” In the written charge referred to, the court observes upon this branch of the case that “the possession of the tenant is the possession of the landlord. * * •* • * That the jury will take the title papers introduced by the plaintiff and all other proof in the case, and from it determine the plaintiff’s right of recovery.” In view of the proof in the cause, that neither the defendant in the attachment suit nor his tenant were in possession at the time the attachment was levied, and that the plaintiff relied alone upon the sheriff’s deed, the court was in error in withholding the instructions asked for. It is the settled doctrine of our law that when the plaintiff in the action of ejectment relies upon a sheriff’s deed as the foundation of his title, founded upon a judgment and execution against the execution debtor in possession, under which a proper sale was made, he must show that the defendant was in the actual possession of the land sued for at the time of the levy and sale: Hamilton v. Jack, 1 Sneed, 81; Pratt v. Phillips, 1 Sneed, 546; 3 Hum., 16, 129; 8 Hum., 689. In the absence of a regular deraignment of title, it is the actual possession of the premises at the time of the *19 levy, from which the presumption of the legal title authorizing the levy arises. And in all such cases the proof of an actual possession, or a regular de-raignment is essential. There are in this case several other errors relied on, some of which are apparent, but as the one error indicated is decisive of the case we forbear to discuss the others.
Let the judgment be reversed and the cause remanded for a new trial.