HYDER v. BUTLER.

(*Knoxville.*    September   30,   1899.)

1. SHERIFF'S DEED.  *Essentials to validity of.*

To be valid the deed of a Sheriff must show a proper judgment,
   execution, levy, and sale.  (*Post, p. 292.*)

Cases cited and approved: Byers v. Wheatley, 3 Bax., 160; Har-
   lan v. Harlan, 14 Lea, 120.

2. EXECUTION.  *Authority to issue.*

An execution issues, as a matter of course, upon a judgment at
   law or a decree in chancery for a specific sum of money, with-
   out any order awarding or directing its issuance in express
   terms.   The judgment or decree is in and of itself an award of
   execution.  (*Post, pp. 292–295.*)

Code construed: §§ 4698, 4728, 4732, 4736 (S.); §§ 3684, 3714, 3718,
   3722 (M. & V.); §§ 2970, 2998, 3002, 3007 (T. & S.).

Cases cited and approved: Johnson v. Ball, 1 Yer., 291; Daley v.
   Perry, 9 Yer., 442; Bank v. McClung, 9 Hum., 95; Battle v. Be-
   ring, 7 Yer., 529.

3. SAME.  *Same.*

When, in a vendor's suit to recover purchase money and enforce
   his lien, there is a decree for a specific sum and for sale of the
   land, if, after the sale and application of proceeds, there re-
   mains a balance due on the decree, execution issues as a mat-
   ter of course, though not awarded in terms by the Court.   In
   such case the issuance of execution is suspended until after the
   sale.  (*Post, pp. 292–295.*)

4. SAME.  *Same.*

And, in such case, the execution issues without an order,
   although the decree directing the sale of the land states that
   the Court reserves the right to enter a decree enforcing any
   balance remaining due the vendor after the sale.   This res-
   ervation possesses no force or virtue whatever.  (*Post, pp.
   295, 296.*)

19 P—19

Hyder *v.* Butler.

5. SAME. *Runs against whom.*

Where a decree adjudges distinct and separate amounts against each of several defendants, the executions thereon should issue against each defendant separately for the sum adjudged against him. (*Post, p. 296.*)

6. EJECTMENT. *Claiming title from common source.*

The purchaser of land at execution sale can recover it from one claiming a junior and inferior title under the execution debtor, upon the production and proof of a valid Sheriff's deed, without further deraignment of title. Both parties claim from a common source, and are estopped to deny title originally in the execution debtor. (*Post, pp. 296, 297.*)

Cases cited and approved: Wortham *v.* Cherry, 3 Head, 469; Allen *v.* Moss, 1 Leg. Rep., 354 (S. C., 2 Shannon's Rep., 317); Moss *v.* Bank, 7 Bax., 216; Earley *v.* Beecher, 7 Lea, 256.

7. SAME. *Title.*

A purchaser of land at Sheriff's sale, made within one year after rendition of judgment, acquires a title superior to that of a purchaser from the execution debtor after the judgment lien attaches, but before sale. (*Post, p. 297.*)

Code construed: §§ 4708, 4710 (S.); §§ 3694, 3696 (M. & V.); §§ 2980, 2982 (T. & S.).

Case cited and approved: Bridges *v.* Cooper, 98 Tenn., 394.

8. HOMESTEAD. *Defeated by absolute deed.*

The owner of land who conveys it in fee by an absolute, unconditional deed, defeats his right of homestead therein. (*Post, p. 297.*)

FROM  CARTER.

Appeal in error from Circuit Court of Carter County.  H. T. CAMPBELL,  J.

TIPTON & MILLER for Hyder.

A. R. JOHNSON for Butler.

CALDWELL, J.   Hyder brought this action of ejectment to recover possession of a small tract of land in Carter County. The Circuit Judge, who tried the case without a jury, rendered a judgment in his favor, and Butler, the defendant, appealed in error.

The plaintiff's title depends upon a Sheriff's deed, which the defendant assails as void upon its face. The deed recites that the present plaintiff, Hyder, and others, filed a bill in the Chancery Court of Carter County against Pressley Maupin and others, to enforce a vendor's lien on certain tracts of land sold to these defendants—that separate decrees were rendered against them for the amount of purchase money due from them, respectively, that against Maupin being for the sum of $448.17; that these decrees were declared to be liens upon the respective tracts of land, which the Master was directed to sell, unless the recoveries should be paid within sixty days; that in default of payment, sales were duly made, reported, and confirmed; that the amount for which Maupin's land was sold was insufficient to satisfy the decree against him, in consequence of which an execution was issued against him for the balance; that this execution came into the hands of the Sheriff, and was by him levied on the land now

in question as the property of Maupin, and that, after proper advertisement, the land so levied on was sold to the plaintiff, Hyder.

The contention of Butler is that these recitals show a lack of authority for the issuance of the execution under which the present land was sold, and, hence, that the deed is a nullity.

If the premise be true, the conclusion is inevitable.

To be valid, the deed of a Sheriff must show a proper judgment, execution, levy, and sale. *Byers* v. *Wheatley,* 3 Bax., 160; *Harlan* v. *Harlan,* 14 Lea, 120.

Does the deed here impeached show a lack of authority to issue the execution?

As has been seen, it recites that a bill was filed in the Chancery Court to enforce a vendor's lien on other land; that the vendor's debt was ascertained, the lien declared and enforced by a sale of the land, and that the execution here involved was thereafter issued for the unpaid balance of the decree, but it does not follow from these recitals that the execution was issued without authority. They in no sense negative the existence of the requisite authority. It is true that the recitals of the deed imply, and that the record upon which it is based distinctly shows, that the Chancellor did not, in terms, order the issuance of the execution. Such order, however, was not necessary to the validity of the writ.

Both the deed and the supporting record show a formal decree for $448.17, a specific sum; that it was adjudged to be a lien on the land involved in that cause, and that a part of that decree remained unsatisfied after the enforcement of that lien. More than this was not essential to authorize the Master to issue an execution for the unpaid balance of the decree. It is not required in a money recovery, whether a decree in chancery or a judgment at law, that the Court shall, in terms, direct the issuance of an execution. Such a decree or judgment, without more, is, in and of itself an award of execution. The Court adjudges the party's right to recover a sum certain, and the law awards the writ for its collection. *Johnson* v. *Ball,* 1 Yer., 291; *Daley* v. *Perry,* 9 Yer., 442; *Bank* v. *McClung,* 9 Hum., 95; Hist. Lawsuit, Sec. 442; *Ib.* Martin's edition, pp. 166, 167; *Battle* v. *Bering,* 7 Yer., 529; Freeman on Executions, Sec. 23; 8 Ency. Pl. & Pr., 313; 11 Ency. Pl. & Pr., 957.

Though most of these authorities refer to judgments at law, the rule is equally applicable to unqualified money decrees in chancery. "A decree in equity for money has the same force and effect as a judgment at law." *Battle* v. *Bering,* 7 Yer., 529. "All judgments and decrees of any of the judicial tribunals of this State, for money, may be enforced by execution." Code, Sec. 2998; M. & V., Sec. 3714; Shannon, Sec. 4728. And

it is the duty of the respective clerks of the different Courts rendering such judgments and decrees to issue executions thereon within the time prescribed by law, and without demand of the parties obtaining the recoveries. Code, Secs. 3002-3007; M. & V., Secs. 3718–3722; Shannon, Secs. 4732–4736. "Judgments" is the word used in these sections, but recoveries in all of the Courts are expressly included, and, besides, by a positive enactment, the words "judgment" and "decree" are declared to be "interchangeable" in the Code, and to embrace each other "unless limited expressly or by the context." Code, Sec. 2970; M. & V., Sec. 3684; Shannon, Sec. 4698.

The rule that the law awards an execution on a decree or judgment for a specific sum of money is not entirely superseded by the Court's declaration of a lien on particular property and an order of sale. The only effect of such declaration and order upon that rule is to delay the issuance of the execution until the order of sale is complied with and the net proceeds of the sale credited. This delay fully meets the provisional portion of the decree or judgment, and finds the unsatisfied balance of the recovery in the same legal plight as the whole recovery would have been in originally if there had been no declaration of lien and order of sale, and, this being true, the clerk is authorized to issue an execution for such balance without the Court's special

direction to do so. This rule is embodied in the statute, which says the clerk may issue execution for unsatisfied balance of the Justice's execution in condemnation proceedings (Code, Sec. 3076; M. & V., Sec. 3789; Shannon, Sec. 4804), and in the other statute, which says like authority exists in attachment cases. Code, Sec. 3538; M. & V., Sec. 4272; Shannon, Sec. 5298. The latter statute expressly recognizes the rule, in that it provides that execution may issue for the residue of the recovery "as in other cases."

It should be further stated that the original decree, which appears at large in the supporting record, concludes with the statement that if the land directed to be sold should not bring enough to satisfy the indebtedness previously adjudged, "the Court reserves the right to enter a decree enforcing any balance remaining as a lien," on other land. This reservation without more, however, did not change the character of the money decree, nor render it improper for the Master to issue the execution for so much thereof as remained unpaid after the enforcement of the lien already adjudged. The reservation, as such, had no effect whatever on the other portions of the decree, or the rights and liabilities of the parties thereunder. It adjudged nothing, directed nothing, suspended nothing. No such decree as that suggested in the reservation was ever rendered, nor

does it appear that there was other land on which the complainants had a lien.

It is said in still further impeachment of the Sheriff's deed, that there were three defendants in the chancery proceeding against whom recoveries were had, and that the execution under which the sale was made ran against only one of them. This is true, and it is also true, as recited in the deed, and as appears from the decree itself, that separate recoveries were had against the three defendants. With a separate recovery against Maupin alone, it would have been improper to include the other two defendants in the execution against him. It follows from all the foregoing considerations that the execution was properly issued, and that the deed of the Sheriff is in due form and not void on its face.

In the next place, it is urged that the plaintiff cannot recover the land now in dispute because he has not made a full deraignment of his title. He has, in fact, produced only the deed of the Sheriff and the record supporting it, yet that is sufficient, since he and the defendant both claim under Maupin. Deraignment to the common source is all that the law requires in such a case, the defendant being estopped to gainsay the title of the person under whom he claims to hold. *Wortham* v. *Cherry,* 3 Head, 469; *Allen* v. *Moss,* 1 Leg. Rep., 354; same case, 2 Tenn.

Hyder *v.* Butler.

Cases (Shannon), 317; *Moss* v. *Bank,* 7 Bax., 216; *Early* v. *Beecher,* 7 Lea, 256.

Maupin resided in Carter County, and upon this land when the decree was rendered against him. Afterwards, and before levy and sale, he conveyed it to Boyd, who conveyed it to Butler, the defendant. By operation of law the decree became a lien upon the land, and the enforcement of that lien by execution, levy, and sale within twelve months from the rendition of the decree, as was in fact done, gave the plaintiff, Hyder, who became the purchaser, a title superior to that of the defendant, Butler, who bought the land while that lien was upon it. Code, Secs. 2980, 2982; M. & V., Secs. 3694, 3696; Shannon, Secs. 4708, 4710; *Bridges* v. *Cooper,* 98 Tenn., 394.

Finally, it is said that Maupin, the execution debtor, was entitled to homestead in this land, which was and is worth only $400 or $500, and that for this reason the plaintiff cannot maintain this suit. It may be that Maupin was entitled to a homestead in the land before he sold it, and that he would now be protected in the enjoyment of that right if he had not conveyed the land, and still that fact does not affect the plaintiff's title, or his right to maintain this suit. Maupin's sale and conveyance divested him of his right of homestead in the land. His deed was absolute and unqualified in its terms, and being so, it left in him no right or interest whatsoever.

He neither reserved nor sold the homestead right as such, but simply conveyed the land in fee. By his conveyance, Boyd, his vendee, became the full and absolute owner of every right and interest in the land, subject alone to the lien of the chancery decree; and by Boyd's deed, the defendant, Butler, his vendee, acquired the same full and absolute title, subject to the same lien. That lien covered the fee in Butler's hands, and its completed enforcement divested him of all that he had acquired from Boyd, and left him with no right or interest of any kind in the land.

Let the judgment be affirmed.