MORSE *v.* ROACH.

SAME *v.* SAME.

1. PLEADING—THAT BILL FAILED TO ALLEGE LEVY UPON REALTY
   SHOULD BE RAISED BY MOTION TO DISMISS.
   The point that judgment creditors' bills stated no case
   because no levy upon real estate is alleged should have
   been raised by motion to dismiss and not held until the
   close of the proofs.[1]

2. FRAUDULENT CONVEYANCES—NOT NECESSARY TO MAKE LEVY—
   STATUTES.
   Under the uniform fraudulent conveyance act (Act No.
   310, Pub. Acts 1919), judgment creditors have the right
   to file bills without making levies, they having the right
   to have the conveyance set aside or obligation annulled
   to the extent necessary to satisfy their claim, or they
   may disregard the conveyance and attach or levy execution
   upon the property conveyed.[2]

3. SAME—PROPERTY IN WIFE'S NAME SUBJECT TO HUSBAND'S DEBT.
   Where, in judgment creditors' bill, it appeared that de-
   fendant husband and wife owned realty by the entireties
   up to the time the cause of action against the husband
   arose, when the property and all subsequent accumulations
   were placed in the wife's name, a decree holding property
   to the value of that held by the entireties exempt, but
   subjecting the balance to the satisfaction of plaintiffs'
   claim, *held*, equitable and just.[3]

Appeal from Wayne; Lamb (Fred S.), J., presiding.
Submitted October 7, 1924. (Docket No. 1.) De-
cided December 31, 1924.

Judgment creditors' bills by William S. Morse, in-
dividually and as guardian of Marion E. Morse, an
infant, against William H. Roach and another. From
decrees for plaintiffs, defendants appeal. Affirmed.

[1]Pleading, 31 Cyc. p. 730 (1926 Anno); [2]Creditors' Suits, 15
C. J. § 46; Fraudulent Conveyances, 27 C. J. §§ 541, 605; [3]Fraud-
ulent Conveyances, 27 C. J. § 21.

*Charles F. Meyler* (*Clayton A. Powell,* of counsel), for plaintiffs.

*Thomas W. Thompson* and *George H. Lovequest,* for defendants.

WIEST, J.    This is a consolidation of two judgment creditors' bills, with usual averments, filed to reach assets belonging to defendant William H. Roach and claimed to be held in the name of Mary E. Roach, his wife.    The Dime Savings Bank, holder of an unquestioned mortgage, is no longer a defendant.    From decrees granted plaintiffs, the defendants appealed.

The judgments against defendant William H. Roach were rendered April 15, 1920, and October 4, 1921, aggregate about $12,000, and both actions were for damages occasioned in an automobile accident, August 6, 1917.    Executions were duly issued and returned wholly unsatisfied.    August 6, 1917, the date of the accident, defendants, as husband and wife, held title, by the entirety, to real estate of the value of about $45,000.    Such holdings represented the accumulations of defendants, after their marriage, with the exception of about $800 the wife had when married.

After the accident of August 6, 1917, title to all the property was placed in the name of the wife and all subsequent accumulations also placed in her name. At the time of filing the bills, defendants held real estate of the value of about $65,000, all in the name of the wife.    The trial judge held the scheme of having the title in the wife was for the purpose of keeping the property away from the creditors of the husband and gave defendants an opportunity to pay plaintiffs, and in default thereof decreed that all the real estate so held be sold, and out of the proceeds defendants be first paid $45,000, representing the value of their holdings by the entireties at the time of the

accident, and then plaintiffs' judgments to be satisfied and any balance to be paid to defendants.

Defendants insist on the right to handle their property in the way they have, because their holdings were by the entireties at the time of the accident, and, therefore, beyond the reach of plaintiffs, and subsequent transfers of title to the wife worked no fraud ' on creditors.    We understand the decrees recognize the exempt character of the holdings at the time of the accident and save the full value thereof to defendants.    But may defendants carry subsequent accumulations of the husband in the name of the wife and keep the same from the reach of creditors?    Sometimes a person, execution proof, desires to make his position just a little more satisfactory and to admit of bringing new avails under cover and unwittingly subjects such new avails to the rights of creditors. Such seems to be this case.    Defendants understood the exempt character of their holdings at the time of the accident, but they wanted to make double sure that their property and all subsequent avails and accumulations would be saved for their children and thought this result would follow if title was placed in the wife.

This record makes manifest an intention on the part of defendants to prevent, if possible, the creditors of the husband from reaching any of his earnings or accumulations after the accident.    We are asked to hold that plaintiffs have not stated a case, because no levy upon real estate is alleged.    This point should have been raised by motion to dismiss the bill and not held until the close of the proofs.    There is no merit, however, in the point, for the bill is one to reach assets of the judgment debtor and not one in aid of execution.

With the adoption of the uniform fraudulent conveyance act, Act No. 310, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 12003 [9]), the troublesome ques-

tion of whether a levy should be made and a bill in aid of execution filed, or a creditor's bill filed upon return of an execution, or a bill with double aspect filed, has departed.    Now, in case a conveyance is fraudulent as to a creditor, he may "(*a*) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or (*b*) Disregard the conveyance and attach or levy execution upon the property conveyed."    This gave plaintiffs the right to file the bills without making levies.

The rights of the plaintiffs do not rest solely upon charges of fraud in changing the holdings from estates by entireties to title in the wife, but upon fraud in placing accumulations after the accident under cover of the wife with intent to thereby keep the same away from the creditors of the husband.    Defendants have no reason to find fault with the decrees entered, for such decrees recognize the force and effect of their former holdings of estates by the entireties and carry their rights thereunder, to the extent of the value thereof, as an existing bar to creditors.

Subsequent accumulations, being those of the husband, are not covered by the skirts of the wife.    Defendants have treated such subsequent accumulations as belonging to the husband up to the point where creditors try to step in.    The transparent screen of the ownership of the wife offers no insurmountable hurdle to the law.

The decrees are equitable and just and are affirmed, with costs to plaintiffs.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.