COOPER v. COOPER et al.—124 S. W. (2d) 264.

Middle Section. July 9, 1938.

Petition for Certiorari Denied by Supreme Court, February 4, 1939.

E. C. Knight, of Livingston, and Joseph Higgins, of Nashville, for appellant Henry R. Cooper.

Reagan & Hale, of Jamestown, for appellees Mary Jane Cooper and Wheeler Cooper.

CROWNOVER, J. This cause is again before us on petition for a rehearing in which it is alleged that an appeal bond was duly executed and filed in this cause on May 1, 1937, which petition is accompanied by a certified copy of the appeal bond showing this fact; therefore the petition is granted and we will proceed to dispose of the case on its merits.

This is an ejectment suit. The complainant, Henry R. Cooper, filed his original bill against Mary Jane Cooper and Wheeler Cooper to recover a tract of land of 150 acres in Pickett County, Tenn., and to have a deed from Mary Jane Cooper to Wheeler Cooper set aside and removed as a cloud upon his title. He later amended his bill to allege that said deed was a fraudulent conveyance, and to ask to have the same set aside, etc.

The complainant claims title to this land by reason of an execution sale at which he purchased the land for $125 and received a sheriff's deed.

The defendants answered. Mary Jane Cooper alleged that she had no interest in the land, having conveyed the same to Wheeler Cooper. Wheeler Cooper denied that the complainant had any title or claim of right to possession. They later amended their answer to allege that they were given no notice of the sale of this land under execution as required by the statute, Code, sec. 8900.

Mary Jane Cooper, a widow, was, in 1930, the owner of two tracts of land—one in Pickett County, and one in Smith County.

The Pickett County tract consisted of about 150 acres and was of the value of $750.

Some time in 1930 a judgment (growing out of a criminal case against Alvin Cooper) was rendered in a justice of the peace court in favor of the State of Tennessee for the use of Pickett County against Alvin Cooper for $316.42.

Alvin Cooper was a son of Mrs. Mary Jane Cooper.

On June 30, 1930, Mary Jane Cooper executed a deed conveying said two tracts of land to another son, Wheeler Cooper, one of the defendants. This deed recites:

"For and in consideration of the love and affection I have for my son, Wheeler Cooper, and the further considerations hereinafter mentioned, which are as follows, to-wit: That is to say, the said Wheeler Cooper is to take care of me during my natural life and take care of my funeral expenses, should he outlive me; and the further consideration that he pays, or causes to be paid, a certain judgment that will be rendered by L. B. Hassler, J. P., on June 21, 1930, against Alvin Cooper principal and John Gunter and others, sureties, for the sum of $320 and costs on which judgment the said Wheeler Cooper and myself will appear as stayors, now should the said Wheeler Cooper comply with the above considerations, then, and in that event,

I hereby transfer and convey unto him two certain tracts of land lying in Pickett County, Tenn., and in what is known as the old first district of said county, one being known as the Thomas Huddleston place and the other one as the Than Holbert lands, and reference is here had to the title papers of James Cooper, deceased, for a full description of said land, which deeds are on record in the Register's office of Pickett County; now, should the said Wheeler Cooper fail or refuse to care for me as above stated, or to pay said judgment according to the terms of same, then in that event this conveyance to be null and void, and for nothing held. I am to live on said land and have a home on same during my life.''

Mary Jane Cooper and Wheeler Cooper became stayors on said justice's judgment against Alvin Cooper.

Wheeler Cooper and Mary Jane Cooper lived on the tract in Smith County, and Wheeler rented the tract in Pickett County to his brother, Alvin Cooper. Alvin Cooper was in possession of said tract last above mentioned when it was levied upon and sold under execution as the property of Mary Jane Cooper.

On June 29, 1931, an execution was issued on said judgment and levy was made on the said 150 acre tract of land in Pickett County. The writ of execution and the return are not in the record.

The land was advertised for sale by posters, the notice stating: ''I will offer for sale (said tract) . . . levied on as the property of Alvin Cooper et al.''

No notice of sale was served on or given to Mary Jane Cooper or Wheeler Cooper.

The land was sold by J. M. Jolly, Sheriff, on February 2, 1932, and the complainant, Henry R. Cooper, became the purchaser for $125.

On February 6, 1934, the then Sheriff, E. L. Bilbery, executed a deed to Henry R. Cooper, which deed vests Henry R. Cooper with the right, title and interest of Mary Jane Cooper in said land. It was levied on and sold as her land, and not as Wheeler Cooper's property.

This case was tried by the Chancellor on oral and documentary evidence by consent of the parties, and he dismissed the complainant's bill.

The complainant excepted to said decree and appealed to this court and has assigned errors, which are, in substance, as follows:

The Chancellor erred:

(1) In not holding that the levy, execution sale, and sheriff's deed were valid and vested the legal title in complainant, Henry R. Cooper, as Mrs. Cooper's deed to the defendant Wheeler Cooper was fraudulent and void, and was made for the purpose of hindering, delaying, and defrauding her creditors, it appearing that the consideration was

not fair and adequate and that said conveyance rendered her insolvent.

(2) In holding that complainant, not being a judgment creditor, could not attack the deed from Mrs. Cooper to Wheeler Cooper, for the reason that said deed was void as against Pickett County.

(3) In not holding that the legal title had never vested in Wheeler Cooper as the deed was executed to him upon a condition precedent (the payment of the judgment) which had not been complied with.

(4) In not holding that the deraignment of title back to a common source (Mrs. Mary Jane Cooper) was sufficient, as she was bound by the recitals of her deed to Wheeler Cooper and was estopped to deny complainant's title.

(5) In holding that the officer had failed to give the defendants notice of the levy of the execution upon the land.

█ 1. · We think the first assignment of error, to the effect that the court erred in holding that the execution sale and sheriff's deed were invalid, must be sustained, as the property was conveyed by Mrs. Cooper to Wheeler Cooper without a fair consideration.

It is provided by the Uniform Fraudulent Conveyance Statute, in substance, that conveyances without a fair consideration made by a person about to incur debts beyond his ability to pay are fraudulent (Code, secs. 7274, 7276), and creditors whose claims have matured may (a) have such conveyances set aside or obligation annulled to the extent necessary to satisfy their claims, or (b) disregard the conveyance and attach or levy execution upon the property conveyed (Code, sec. 7279).

In construing this statute it was held by our Supreme Court in the case of Baker v. Penecost, 171 Tenn., 529, 106 S. W. (2d), 220, 221, that a creditor, under such circumstances, whose claim has matured, may have the fraudulent conveyance by the debtor set aside in equity, or he may disregard the conveyance and levy attachment or execution at law upon the property. Citing, American Surety Company v. Conner, 251 N. Y., 1, 166 N. E., 783, 785, 65 A. L. R., 244; Morse v. Roach, 229 Mich., 538, 201 N. W., 471; Russell v. Stinson, 4 Tenn. (3 Hayw.), 1; Smitheal v. Gray, 20 Tenn. (1 Humph.), 491, 34 Am. Dec., 664; 27 C. J., 702, 704.

It is recited in the conveyance made by Mary Jane Cooper to Wheeler Cooper that the consideration was for love and affection, and that Wheeler Cooper should take care of her for her natural life and pay her funeral expenses, and pay or cause to be paid a judgment in the sum of $320 in favor of Pickett County against Alvin Cooper and others, rendered by L. B. Hassler, justice of the peace, which she and Wheeler Cooper had agreed to stay. It is shown that the tract of land was worth about $750; hence the consideration was not a fair one within the meaning of the statute.

It is also shown that Mrs. Cooper was rendered insolvent by this conveyance and did not have enough property to pay her debts and the obligation as stayor, therefore the conveyance was fraudulent.

It appears that the original record in the condemnation proceedings by which Henry R. Cooper became the purchaser at the sheriff's sale was destroyed when the court house was burned, after the sheriff's sale, but the sheriff's deed recites the judgment, the issuance of execution, the levy on this property, the return of the papers to the circuit court, the order of sale, the issuance of vendi. ex. to the sheriff, and his advertisement and sale, as required by the statute. In other words, the whole proceedings as recited in the sheriff's deed appear to be regular and valid, and the recitals in the sheriff's deed are prima facie evidence of the truth of all the statements and recitals therein contained. Code, sec. 8915.

Hence the complainant, Henry R. Cooper, obtained a valid title to the tract of land conveyed to him in the sheriff's deed, and the first assignment of error must be sustained.

2. The second assignment of error, to the effect that the Chancellor erred in holding that the complainant, not being a judgment creditor, could not attack the deed from Mrs. Cooper to Wheeler Cooper, must be sustained for the reason that said deed was void as against Pickett County. We held that Pickett County, being a creditor, might ignore the fraudulent deed from Mary Jane Cooper to Wheeler Cooper and levy on the land conveyed, and that the sheriff's deed was valid.

3. The third assignment, to the effect that the Chancellor erred in not holding that the legal title had never vested in Wheeler Cooper as it was based upon a condition precedent (the payment of the judgment), which had not been complied with, becomes immaterial, as we have held that it was a fraudulent conveyance as to Pickett County and was subject to levy and sale under execution.

4. The fourth assignment, that the Chancellor erred in not holding that the deraignment of title back to a common source (Mrs. Mary Jane Cooper) was sufficient to maintain this ejectment suit, must be sustained, as she was bound by the recitals of her deed to Wheeler Cooper and was estopped to deny the complainant's title.

It is incumbent upon the complainant in an ejectment suit to show that he has a legal title, which may be done by deraigning his title from the State, or by showing that he acquired the legal title by prescription or adverse possession as provided by the statute, or by deraigning his title back to a common source. Hyder v. Butler, 103 Tenn., 289, 52 S. W., 876; Christian v. Mynatt, 79 Tenn., 615, 11 Lea, 615. Or, being a purchaser at a sheriff's sale, he may show that the execution debtor was in the actual possession of the property

at the time of the levy and sale, from which possession title will be presumed. Broyles v. Jones, 65 Tenn., 393, 6 Baxt. 393; Pratt v. Phillips, 33 Tenn., 543, 1 Sneed 543, 60 Am. Dec. 162; Hamilton v. Jack & McCallister, 33 Tenn., 81, 1 Sneed 81.

It appears that Mrs. Mary Jane Cooper was not in possession of this property at the time of the levy and sale, and she has filed an answer alleging that she has no title in the property and that she had conveyed it to her co-defendant, Wheeler Cooper. Her answer is a disclaimer, which would entitle the complainant to a decree against her without more evidence. 19 C. J., 1121-1123.

Wheeler Cooper claims under Mary Jane Cooper. The evidence show that he took possession under the deed from her and rented the property to his brother, Alvin Cooper, who was in possession at the time of the levy and sale. Wheeler Cooper did not live on this land but lived on the other tract in another county, but he had possession of this tract by and through his tenant.

However, the question of Wheeler Cooper's possession is immaterial, as the property was levied upon and sold as the property of Mrs. Mary Jane Cooper, and not as the property of Wheeler Cooper (Broyles v. Jones, 65 Tenn. (6 Baxt.), 393), his conveyance being treated as fraudulent and void, and therefore ignored. Hence he was not entitled to notice of the levy and the time and place of the sale.

It would have been necessary to show legal title in the complainant, as Mary Jane Cooper was not in possession at the time of the levy and sale, but for the facts that she filed a disclaimer of title to this tract and also alleged in her answer that she had conveyed the legal title to Wheeler Cooper, and filed a copy of her deed to him in which it was stated: "I do covenant with the said Wheeler Cooper that I am lawfully seized and possessed of said land in fee simple; have a good right to convey it, and the same is unincumbered," and she covenanted to warrant and defend the title of said tract of land. We think she is estopped by said deed to deny that she had title and to require the complainant to deraign title from the State or to introduce other evidence that he had the legal title. Rochell v. Benson, Hunt & Co., Meigs 3; Jackson v. Bush, 10 Johns., N. Y., 223; Royston v. Wear, 40 Tenn. (3 Head), 8; Hyder v. Butler, 103 Tenn., 289, 52 S. W., 876.

Deraigning title to a common source is all that is necessary. Christian v. Mynatt, 79 Tenn. (11 Lea), 615.

5. The fifth assignment, that the Chancellor erred in finding that the officer did not give the defendants notice in writing of the levy of the execution and the time and place of sale as required by the statute (Code, sec. 8900), is not well made, as we think the evidence shows that he did not. But we think that it was not necessary, as Mary Jane Cooper was not in possession of the property at the time

of the levy and sale (Crowder v. Sims, 26 Tenn. (7 Humph.), 257), and it was not necessary to give Wheeler Cooper notice because his deed was a fraudulent conveyance.

We think there is nothing in the contention made by the defendants that Pickett County had released its claim against Alvin Cooper. The alleged release was filed in evidence but it does not describe any debt or claim, does not give the date or amount, and the Chancellor excluded the evidence about it, which was not excepted to by the defendants. It further appears that the defendants, Alvin Cooper, and others were sued on this claim and judgment was entered against them before a justice of the peace after the release was alleged to have been made, which judgment was stayed by Mrs. Cooper and Wheeler Cooper. Hence we think the Chancellor was correct in ignoring the release.

The determinative assignments of errors having been sustained it results that the decree of the Chancellor must be reversed and a decree entered in this court in favor of Henry R. Cooper that he recover the title to the tract of land described in the bill as against the defendants, Mrs. Mary Jane Cooper and Wheeler Cooper, and he will also recover of the defendants the costs of the cause including the costs of the appeal. A writ of possession will issue upon demand if necessary.

On motion of the complainant, this cause is remanded to the Chancery Court of Pickett County for such necessary additional orders and references as are made by the Chancellor for the purpose of ascertaining the rents, profits and damages, if any, to which the complainant may be entitled on account of the wrongful detention of the land from him by the defendants, or either of them, the costs of the reference to be adjudged by the lower court. Execution for costs heretofore awarded may be issued for all costs that accrued in this cause up to this date, the remand being solely for the purpose of executing such references as are made by the Chancellor in accordance with this order.

The complainant's solicitors, upon motion, are allowed a lien upon the recovery in this cause, and the court does now hereby declare that the complainant's solicitors are entitled to and are hereby decreed a lien upon the aforesaid recovery, for their reasonable solicitors' fees for the services rendered in this cause.

Faw, P. J., and Felts, J., concur.