HICKMAN et al., Respondents, v. LONG et al., Appellants.

(150 N. W. 298.)

1. Vendor and Purchaser—Vendor's Remedy—Vendee's—Forfeiture by Defaulting Vendee—Statute.

Where a vendor ,who sold land on installments, sued in accordance with Laws 1913, Ch. 138, to require vendee to perform within a time fixed by court, in default of which vendee's rights to be foreclosed, etc., held, that such action was not one to enforce a forfeiture, nor did plaintiff seek a forfeiture of part payments made by vendee, but such action treats the sale contract as in force, plaintiff offering to perform, and asking vendee to perform on his part within a certain time; hence vendee's claim, based upon the theory of a forfeiture, that he be awarded judgment for the amount paid by him under the contract, less value of use and occupation by him of the land, is untenable.

2. Vendor and Purchaser—Parties Defendant—Wife of Vendee—Homestead.

A vendor's lien for unpaid purchase money, under Civ. Code, Sec. 2148, being superior to any homestead rights the vendee or his wife may acquire in realty, held, that the wife of a vendee in possession under an installment contract is not·a necessary party to a suit to enforce the contract, and for foreclosure of vendee's rights in case of default in payment pursuant to decree of court, and this, whether the contract is regarded as establishing a lien for unpaid purchase price, or whether it merely evidences a lien under Sec. 2148, Civ. Code; and any homestead interest would be subject to foreclosure in such action. Northwestern Land & Banking Company v. Jonasen, 11 S. D. 566, disapproved.

(Opinion filed December 31, 1914.)

Appeal from Circuit Court, Brookings County. Hon. CARL. G. SHERWOOD, Judge.

Action by E. W. Hickman, as administrator of P. A. Hickman, deceased, and another against W. W. Long and others, and William W. Arns, to enforce a contract for sale of land, and for other relief. From a judgment for plaintiffs, the defendant Arns. appeals. Affirmed.

*Cheever & Cheever,* for Appellant.

*Albert Matson,* and *Hall, Alexander & Purdy,* for Respond- ents.

(1) Under point one of the opinion, Appellant cited: 39 Cyc. 1383-4; Miner v. Dickey, (Mich.) 103 N. W. 855-6; Auxier v. Taylor, (Iowa) 72 N. W. 291; Sec. 2285, Civ. Code; Barnes v.. Clement, (S. D.) 81 N. W. 301; Speer vs. Phillips, (S. D.) 123 N. W. 722.

Respondents cited; 2 Warvelle on Vendors, Secs. 810, 815;. Wilcoxon v. Stitt, 65 Cal. 596; Cummings v. Rogers, 36 Minn. 317; Schmidt vs. Williams, 72 Ia. 317, 33 N. W. 693; Speer v. Phillips, supra; Way v. Johnson, (S. D.) 58 N. W. 552; Cole- man v. Stalnacke, (S. D.) 88 N. W. 107.

(2) Under point two of the opinion, Appellant cited: Hefner v. Urton, (Calif.) 12 Pac. 486; Watts v. Gallagher, (Calif.) 31 Pac. 626.

Respondents cited: 2 Estee's Pleadings, Secs. 3102; 30 Cyc. 141; 6 Ency. of P. & P. 311; Dalymple v. Security Loan & Trust Co., (N. D.) 83 N. W. 245; Randall v. Johnstone, (N. D.) 128. N. W. 687; Section 101, Bliss on Code Pleading, Note 22; 15. Ency. of Law, 561, 562, 626; 10 Ency. of Pleading & Practice, 61.

WHITING, J. One P., the owner of a tract of land in Brookings county, did, as party of the first part, enter into a written contract with one L., as party of the second part, whereby P. contracted to sell to L., and L. contracted to purchase, the said tract of land. L. agreed to make certain payments of principal and interest from time to time over a period of some 12 years,. and, at the end of a certain period P. was to give deed to L. and take back a mortgage for the balance then due, provided all pay- ments then due had been paid. Among other provisions of said contract was the following:

"And in case of the failure of said party of the second part to make either of the payments or interest thereon or any part thereof, or perform any of the covenants on his part hereby made and entered into, * * * this contract shall at the option of the party of the first part be forfeited and determined, by giving the said second party thirty days' notice in writing of the intention of said first party to cancel and determine this contract, setting forth in said notice the amount due upon said contract, and the time and place, when and where, payment can be made by said second party."

This action was brought to foreclose any rights held by the party of the second part and his assignees under such contract. All the defendants, except the one who was the then owner and holder of such contract, defaulted. This defendant demurred to the complaint; such demurrer was overruled; answer was interposed; the answer demurred to; that demurrer sustained, and defendant stood thereon; judgment was entered against him, and he appealed.

It stands admitted, by the demurrer to the answer, that some considerable payments had been made under such contract; in fact, more than the reasonable value of the use of the premises during the time the contract had run. Upon the other hand, it stands admitted by such answer that there was a considerable sum past due at the time this action was brought.

[1] Plaintiffs, in their complaint, offered full performance of the contract, and asked that the court fix a time within which the terms of the contract should be complied with, and that defendants be foreclosed of any rights under said contract if payment was not made within the time decreed. Thus it will be seen that this action conformed to the provisions of chapter 138, Laws 1913, which, among other things, provides:

"Section 1. Whenever default has occurred in the performance of any of the terms and conditions of an executory contract for the sale or exchange of real estate an action may be brought in the circuit court of the county in which said land is situated, for a foreclosure of all rights under such contract asserted adversely to the plaintiff in such action, and upon the trial thereof the court shall have the power to and by its decree shall

fix the time within which the party or parties in default must comply with the terms of such contract on his or their part, which time shall be not less than ten days from the rendition of such decree, and unless the parties against whom such decree is rendered shall fully comply therewith within the time specified, such decree shall be and become final without further order of the court, and all rights asserted under the contract sued on shall thereupon be forever barred and foreclosed."

Appellant contends that in effect this action is one seeking to enforce a forfeiture of the payments made; that, even conceding first party's right to declare and enforce a forfeiture, this could not be done under the contract without the giving of the notice provided for in such contract—which notice it claims was never given. And appellant contends that, under the facts pleaded in his answer, a forfeiture should not be decreed, and he therefore contends that, if the other party to such contract is allowed to terminate appellant's rights thereunder, appellant should be given judgment for the amount that has been paid on such contract less the reasonable value of the use and occupation of the premises. This is, however, not an action to enforce a forfeiture. But the present action seeks no forfeiture. It treats the contract as in full force and effect. In it the party of the first part offers to perform his covenants and asks that the other party be required to perform his, and it is only in case of failure to perform within a time to be fixed by the court that the first party asks that the contract and second party's rights thereunder be foreclosed. In case the second party comes in and pays up all amounts due, the contract remains in full force exactly as though there had never been any default in payment. It follows that there is no merit to appellant's contention, based as it is upon an entirely wrong premise.

[2] Appellant alleges in his answer that he is a married man, and that, with his wife and children, he lives upon the land in question as his homestead. He contends that, for that reason, there was a defect of parties defendant. In this he is clearly in error. He has pleaded no fact which shows that it would be to his interest to have his wife joined as defendant, or which shows that he is in any wise prejudiced by such nonjoinder; furthermore, under the conceded facts, his wife could have no homestead or

other interest in such property superior to first party's rights under the contract before us. We cannot subscribe to the rule laid down in Northwestern Loan & Banking Co. v. Jonasen, 11 S. D. 566, 79 N. W. 840, that by chapter 86, Laws 1890, the Legislature intended to render a homestead immune from forced sale in satisfaction of a debt even though such debt be one "contracted for the purchase price." This holding was but obiter, being unnecessary for the determination of the case then before the court; the court holding that the wife was a party to the mortgage. When one sells real estate he retains, under section 2148, C. C., a "vendor's lien thereon, * * * for so much of the price as remains unpaid, and unsecured otherwise than by the personal obligation of the buyer." The contract before us was a part of the transaction by which the party of the second part acquired any interest in this land; the effect of such transaction being that the party of the second part became vested with an equitable interest or estate in this land, which interest or estate was subject to a lien against said land for any sums remaining due on the purchase price, and this is true whether we consider the written contract as in itself establishing a lien for unpaid purchase price or whether we treat such contract as merely evidencing a lien created by section 2148, C. C., supra. Any homestead interest that could be acquired by the party of the second part or his wife would be a homestead interest in and to the equitable estate held by second party, and one therefore subject to foreclosure in an action such as this one. The facts being confessed, it is clear that there is no merit in defendant's contention that his wife was a necessary party to this action.

The judgment should be and is affirmed, but with directions to the trial court to allow 20 days, after notice given, within which appellant may relieve himself from default by paying all amounts due under said contract at the date of such notice, together with the costs in this and circuit courts; such judgment to become final upon failure to make such payments.