STRAND, Appellant, v. STEPPA et al, Respondents.

(189 N. W. 528.)

(File No. 5095.    Opinion filed August 5, 1922.)

**Vendor and Purchaser—Contract to Convey Realty, Suit to Fore-close—Defaulted Payments—Decree for Balance of Purchase Price, Foreclosure on Non-Compliance, Evidence Sustaining Decree—Hickman v. Long Followed.**

In a suit under Sec. 2914, Code 1919, to foreclose contract to convey realty; defendant vendee having been put into possession at time of contract but later vacating the premises; eivdence **held,** sufficient to warrant decree determining amount of unpaid balance of purchase price and fixing time for payment of same, in default of which defendants to be foreclosed, etc.; the rule announced in Hickman v. Long, 150 N. W. 298, being applicable.

Anderson, J., not sitting.

For opinion on former appeal, see 45 S. D. 244, 186 N. W. 959.

*Harold W. King,* for Appellants.

*Gardner & Jones,* for Respondents.

POLLEY, J.  This action was here on a former appeal, and is reported in 186 N. W. at page 959.

The action was brought under the provisions of section 2914, Code 1919, to foreclose a contract to convey real property. It appears from the evidence of both plaintiff and defendants that at the time of the commencement of the action defendants were in default in their payments on the purchase price of the land, and in his prayer for relief plaintiff asks that the court determine the amount of the unpaid balance due on such purchase price and to fix the time within which such balance must be paid; and in case of failure to pay the same within the time so fixed that defen-

dants be foreclosed of all their rights under the terms of the contract. The facts as they appear from the record bring the case squarely within the rule announced by this court in Hickman v. Long, 34 S. D. 639, 150 N. W. 298, and what is said in that case is decisive of this. Under the rule announced in that case and under the admitted facts in this, plaintiff was entitled to a judgment of foreclosure as prayed for in his complaint.

The judgment and order appealed from are reversed.

ANDERSON, J., not sitting.