VIRGIL STATE BANK, Respondent, v. FREDRICH WAHL, Respondent, and MARY WAHL, Appellant.

(228 N. W. 392.)

(File No. 6075.   Opinion filed December 31, 1929.)

*H. G. Giddings,* of Mitchell, for Appellant.
*Wicks & Quinn,* of Scotland, S. D., for Respondent.

BROWN, J. Defendant Fredrich Wahl, a farmer, and his wife, Mary, occupied as their home a section of land in Beadle county, title to which was in Fredrich, subject to a mortgage on which about $19,000 was due, when foreclosure proceedings were commenced. They then deeded the land to the mortgagee, who gave Fredrich an option to buy it back within two years on payment of the amount against it. Seeing no prospect of being able to avail himself of the option, Fredrich traded it for a half section of land in Hutchinson county which was also heavily mortgaged, and in less than a month found that he could not make the agreed cash payment on the Hutchinson county land, and traded it for a quarter section in Bon Homme county, which was fenced, had 90 acres broken, and a well, but no buildings on it, and is the land in controversy in this action. In his effort to hold the option on the Beadle county land he tried to borrow $1,265 from his sister to pay on it, but she refused to loan it to him unless his wife would agree to repay it, which the wife did, and the money was loaned and paid on the Beadle county land. Fredrich never got title to the Hutchinson county land, as he had traded that off before conveyances were made. He got deed to the Bon Homme county land on January 21, 1923, and immediately mortgaged it for $4,500 and paid all of that on what was due from him under the trades he had made, partly on the Hutchinson county and partly on Beadle county land. On April 21, 1923, he conveyed the land to his wife; the consideration being her assumption of the mortgage, her agreement to pay the $1,265 to his sister, and the sum of about $1,300 in money and property which he had received from his wife at different times since their marriage, and which she had got from her parents. On May 1, 1922, he had given the plaintiff his note for $2,000, due November 1, 1922, with interest at 10 per cent per annum to maturity and at twelve per cent per annum thereafter. This action is upon the note, and plaintiff also asks that the conveyance from Fredrich to his wife be set aside as fraudulent as to creditors. The court gave judgment against Fredrich for the amount due on the note, and adjudged that the conveyance from him to his wife of the land in controversy, the N. W. ¼ of section 31—96—60 was made with intent to defraud

his creditors and was void as to plaintiff. From this judgment and an order denying a new trial the defendant Mary Wahl appeals.

Appellant contends that an action to set aside an alleged fraudulent conveyance cannot be maintained until the plaintiff has first secured a specific lien on the land, and that therefore her objection to the introduction of any evidence on that branch of the case should have been sustained. It is unnecessary to inquire whether that was the law in this state prior to the adoption of the Uniform Fraudulent Conveyance Act. Under section 9 of that act (chapter 209, Laws of 1919) a creditor whose claim has matured, who establishes that a conveyance was fraudulent as to him, may have the conveyance set aside to the extent necessary to satisfy his claim. We think under this provision, in an action brought upon matured obligation, upon proper pleading and proof, relief may be obtained by the setting aside of a conveyance fraudulent as to the plaintiff, without the necessity of first securing a specific lien upon the property alleged to have been fraudulently conveyed. Morse v. Roach, 229 Mich. 538, 201 N. W. 471.

Appellant contends that the undisputed evidence shows that, when she and her husband left the farm in Beadle County, it was their intention to continue farming and to make their home on the land in Hutchinson county, that, when they traded it, they intended to make their home on the land in controversy and continue farming there, and that the only thing that prevented their taking up residence on the land in dispute was their inability to procure the necessary funds to erect a dwelling house on it, and she claims that it is exempt as a homestead. From the time they left the farm in Beadle county to the time of the trial they lived in a rented home in the town of Tripp, in which neighborhood Fredrich worked as a common laborer on a farm.

The record does not show whether the $19,000 incumbrance on the Beadle county land was a single mortgage on the whole section, or separate mortgages on separate parts of the section. We cannot say from the record that there would be any equity in any 160 acres including the dwelling house, that could be carved out of the section. Should it be granted for the sake of the argument that in this state the proceeds of the sale of a homestead are exempt for a reasonable time, pending the selection of another homestead and in vestment of such proceeds therein, we are confronted with

the fact that no exemption from the Beadle county land is traced into the Bon Homme county land.

■ ■ Defendant further contends that she gave a valid and sufficient consideration for the land, and that therefore the conveyance to her could not be held to be in fraud of creditors, and that in any event the conveyance is valid as to the consideration given. It is argued in her behalf that the land is worth not to exceed $10,750; that she took it subject to a mortgage of $4,500, which she orally agreed to assume; that her husband owed his sister $1,250, which appellant orally agreed to pay; and that she herself had borrowed from her father $465, which she had given to her husband to be used by him in payment of debts that he owed; and that these several items with interest due on them, amounted to approximately the value of the land. But the court finds that, at the time of the execution of the deed to appellant by her husband, appellant had no other property, and had no means to pay the debt owing by her husband to his sister or to pay the mortgage of $4,500 on the land, and that her agreement to assume and pay those obligations of her husband was worthless, as she well knew at the time of accepting the deed. There is evidence to support this finding, and we cannot say that it is against the preponderance of the evidence, and the conclusion of law that the conveyance was made without consideration and for the purpose of hindering and delaying the creditors of Fredrich Wahl is justified by the findings. As for the contention that the conveyance should be held valid to the extent of the consideration given, it is quite doubtful if it can be properly said that there was any consideration given, but, without passing on that, it has to be said that neither in appellant's pleadings, nor in the proposed findings she submitted to the trial court for adoption, was this matter presented to the trial court, and therefore it is not before us for review.

The judgment and order appealed from are affrmed.

POLLEY and BURCH, JJ., concur.

SHERWOOD, P. J., absent and not participating.

CAMPBELL, J. (concurring specially). I agree that under the circumstances of this case it was unnecessary for plaintiff to secure a specific lien upon the land as a condition precedent to attacking the conveyance thereof as fraudulent against creditors.

I also agree that no exemption from the Beadle county land is traced into the Bon Homme county land. I also agree that the conveyance from Fredrich Wahl to Mary Wahl, his wife, was fraudulent as to the plaintiff, but I doubt whether it is material that Mary Wahl, at the time of this conveyance, had no means whereby she could pay the debts which she then promised to pay as consideration for the conveyance.

There is no dispute as to the value of this real estate or the consideration which moved from Mary Wahl to Fredrich at the time of the conveyance. The court found as a fact that the value of the Bon Homme county land at the time of the conveyance was $10,500. Appellant's requested finding on this point recited that the land was "of a value not exceeding $10,750." The court found as a fact that the consideration for the conveyance to Mary "was the verbal promise on her part to assume an indebtedness owing by said Fredrich Wahl to the father and sister of the said Mary Wahl aggregating less than $2,000." Appellant's requested finding on this point was that "as the consideration for such conveyance the said Mary Wahl orally promised and agreed with the said Fredrich Wahl that she would pay his indebtedness of $1,250 to his sister, and that she would pay to her father the said sum of $465 with interest."

Section 4 of chapter 209, Laws 1919, provides as follows:

"*Conveyances by Insolvent.* Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

It is undisputed in this case that the conveyance in question rendered Fredrich Wahl insolvent, if he was not insolvent before, and therefore the conveyance, by the express terms of the statute, is fraudulent as to creditors without regard to actual intent, unless at the time of the conveyance Fredrich Wahl reecived therefor "a fair consideration." See, also, Buhl v. McDowell, 51 S. D. 603, 216 N. W. 346. The only consideration given by Mary Wahl at the time of this conveyance was her oral agreement made to and with Fredrich Wahl (not with any one else) to assume and pay two debts of his, one for $1,250 with some interest, and one for $465 with some interest. That is the finding the court made and

the finding requested by appellant herself on this point. Mary
Wahl has actually parted with nothing. She has paid nothing.
She has not diminished the liabilities of Fredrich. "Fair consider-
ation," within the meaning of section 4, c. 209, Laws 1919, above
quoted (being a part of the Uniform Fraudulent Conveyance Act),
is defined by section 3 of chapter 209, Laws 1919, which reads as
follows:

"*Fair Consideration.* Fair consideration is given for property,
or obligation,

"(a) When in exchange for such property, or obligation, as
a fair equivalent therefor, and in good faith, property is conveyed
or an antecedent debt is satisfied, or

"(b) When such property, or obligation is received in good
faith to secure a present advance or antecedent debt in amount not
disproportionately small as compared with the value of the prop-
erty, or obligation obtained."

It seems perfectly clear that Mary Wahl, at the time of receiv-
ing this conveyance of the realty in question, did not give fair
consideration therefor as thus defined, regardless of her ability to
perform her promises in future. She did not convey property in
exchange in a fairly equivalent amount or at all. She did not satisfy
an antecedent debt in a fairly equivalent amount or at all. Neither
did she receive the property to secure a present advance or an
antecedent debt, in an amount not disproportionately small as com-
pared with the value of the property or at all. She parted with
nothing that could conceivably be returned to her. (See subdivision
2, § 209, Laws 1919.)

Upon these grounds it seem to me plain that the conveyance
from Fredrich Wahl to Mary was entirely without a fair consider-
ation and fraudulent as to creditors, and that the judgment and
order appealed from should therefore be affirmed.