HOVE, Appellant v. FRAZIER, Respondent

(115 N.W.2d 217)

(File No. 9966. Opinion filed May 18, 1962)

**Rolland G. Jones,** Flandreau, for Plaintiff and Appellant.

**John E. Burke, Frank P. Gibbs,** Sioux Falls, for Defendant and Respondent.

BIEGELMEIER, J. The complaint alleges plaintiff, as administrator of the estate of Anton Hove, deceased, recovered a judgment against one Julius J. Hockhausen on December 5, 1958; that in January 1959 Hockhausen purported to transfer farm machinery to defendant Frazier by bill of sale that was defective, void and fraudulent because it was not filed in the Moody County Register of Deeds office and delivery of possession of the machinery was not made at the time; that on February 20, 1959, Hockhausen purported to have sold 120 head of cattle to defendant, which cattle were later transferred to defendant's ranch; that this transfer was fraudulent and void for the reason it was not evidenced by a bill of sale filed in the same Register of Deeds office or possession not immediately given to Frazier. The complaint claims the void and fraudulent character of both the machinery and cattle transfer or sales under SDC 23.0106, and that title thereto "remains in the name of the said Julius J. Hockhausen"; it next alleges defendant Frazier sold and disposed of all the machinery and cattle on the market or to other individuals so as to be impossible for plaintiff to attach or levy thereon and he must look to defendant for payment of the $11,739.70 judgment he holds against Hockhausen. The prayer is for

a money judgment against defendant for that amount and "other" equitable relief.

Defendant's answer was a general denial except it admitted plaintiff's judgment against Hockhausen. At the trial the evidence took a somewhat different tack than indicated by the complaint. Plaintiff offered in evidence a certified copy of a $35,000 chattel mortgage from Hockhausen as mortgagor, to defendant Frazier as mortgagee, dated and filed in the Moody County Register of Deeds office on November 26, 1958. No objection being made, it was received in evidence. After oral testimony covering many transactions of the parties, the court entered findings, conclusions and a judgment dismissing the action. The court found defendant Frazier, prior to November 26, 1958, had advanced money to and paid various debts of Hockhausen in a sum in excess of $44,000, for which debt the latter had given defendant several notes; that on November 26, 1958 Hockhausen gave defendant a note for $35,000 for these debts and secured it by the chattel mortgage on the machinery and cattle, which were properly executed and the chattel mortgage properly filed in the Register of Deeds office; that Hockhausen by agreement surrendered possession of the cattle and various items of farm machinery secured by the chattel mortgage, to defendant Frazier in January and February 1959.

The court concluded the promissory notes preceding the $35,000 note were given for adequate valuable consideration, and were the consideration for that note; that possession and title to the machinery and cattle were legally transferred to defendant pursuant to the terms of the chattel mortgage and the $35,000 note and chattel mortgage were given by Hockhausen to defendant in good faith and neither the chattel mortgage nor transfer of possession or title were fraudulent conveyances. Plaintiff's assignments of error challenge parts of the findings of fact.

■ ■ The burden of proof as to all elements necessary to establish that a conveyance or mortgage is fraudulent as to creditors rests upon the attacking creditor.

Goodhope v. Overgaard, 56 S.D. 28, 227 N.W. 380. This includes the claim the transaction involved less than a fair consideration. Smith v. Poppen, 57 S.D. 25, 230 N.W. 229. In his complaint in the trial court, repeated in the briefs in this court, plaintiff specifically cited and relied on the claimed failure of defendant to comply with the provisions of SDC 23.0106. Plaintiff quotes that section in his brief, but omits the clause hereafter emphasized: "Every transfer of personal property * * * which is not evidenced by a bill of sale filed in the office of the register of deeds of the county wherein such property is situated * * * and every lien thereon, **other than a mortgage,** * * * is conclusively presumed * * * to be fraudulent and therefore void * * *." The section by its express terms has no application to defendant's mortgage.

■ Plaintiff claims insufficiency of the evidence to support the finding Hockhausen was indebted to defendant in excess of $44,000 and refers to the transcript where he testified Frazier told him "Julius doesn't owe me a penny". Defendant denied making the statement. Hockhausen, called by plaintiff as his witness, testified that he owed Frazier approximately that amount on notes. In his cross-examination fourteen of these notes to defendant and one to defendant and his wife were introduced in evidence; they total over $44,000. Other errors asserted are: finding the chattel mortgage was on various items of farm machinery and various other property, when it recited all farm machinery, feed and roughage of 5500 bushels of corn, 340 ton silage and 9000 bales of alfalfa hay; that the note and mortgage for $35,000 could not have been given in payment of debts of $44,000 and the $44,000 notes were not cancelled. The evidence was undisputed that the machinery was sold and the proceeds, except $600, applied by defendant on the $35,000 note. Whether these sales were made by defendant or by Hockhausen with his consent, is not clear and not material; there is no dispute as to the identity of property mortgaged, the sales or application of the proceeds.

█ No claim is made the property was valued or sold for more than the amount of the mortgage; the evidence is it was for less. Nor was it necessary for the notes to be cancelled or the new note and mortgage be taken for the full amount of the indebtedness. It was for the trial court to determine if Hockhausen was indebted to defendant as claimed and the mortgage given for a fair consideration. Smith v. Poppen, supra. Plaintiff, as appellant, must establish that the finding was not only against the clear preponderance of the evidence, but that the error was prejudicial. Goodhope v. Overgaard, supra. The issue was essentially one of fact and questions of the weight of evidence and credibility of witnesses were for the trial court; the findings were supported by ample evidence and cannot be disturbed on appeal. Johnson v. Mier, 76 S.D. 109, 73 N.W.2d 342.

█ Plaintiff's arguments of invalidity of the mortgage are all based on Ch. 23.01 of the 1939 Code. Under the Uniform Fraudulent Conveyance Law, now SDC 23.02, the trial court's finding of good faith and consideration of $35,000 for an antecedent debt also precludes relief. The present SDC 23.0203 dealing with fair consideration is discussed in Goodhope v. Overgaard, 56 S.D. 28, 227 N.W. 380 and in Judge Campbell's concurring opinion in Virgil State Bank v. Wahl, 56 S.D. 318 at 321, 228 N.W. 392 at 394. SDC 23.0103 provides:

"A debtor may pay one creditor in preference to another, or may give to one creditor security for the payment of his demand in preference to another."

Hockhausen being indebted to Frazier he could prefer or give security to him as permitted by this section and he did so. Sandwich Manufacturing Co. v. Max, 5 S.D. 125, 58 N.W. 14, 24 L.R.A. 524; Erickson v. Gill, 78 S.D. 43, 98 N.W.2d 321.

Affirmed.

All the Judges concur.