**Stevan W. ANDREWS and Lorraine Roller, Plaintiffs and Appellees,**

v.

**Michael J. REYNOLDS, individually and as an officer of Reynolds Agri-Business, Inc., formerly North Central Agri-Business, Inc., Defendant and Appellant.**

No. 15442.

Supreme Court of South Dakota.

Argued March 23, 1987.

Decided July 15, 1987.

Bradley G. Zell of Heidepriem & Widmayer, Miller, for plaintiffs and appellees.

William E. Coester, Milbank, for defendant and appellant.

HENDERSON, Justice.

### ACTION/PROCEDURAL BACKGROUND

This appeal arises from an action of Forcible Entry and Detainer which was

promptly tried to the circuit court in Deuel County.[1] Plaintiffs-appellees (Andrews and Roller) prevailed in their suit over defendant-appellant (Michael Reynolds). Both parties have briefed and orally argued three legal issues. We affirm the circuit court's decision on the first issue, namely that the lease was fraudulent. Deeming this to be dispositive, we decline discussion of the other two issues.

Andrews and Roller, fee owners, commenced their Forcible Entry and Detainer action on the basis that Michael Reynolds, as lessor, had possession of certain real property in Deuel County pursuant to a fraudulent lease. This written lease agreement was entered into between said Michael Reynolds and a corporation known as Reynolds Agri-Business, Incorporated (Agri-Business). Michael Reynolds is a shareholder (one share), director, and president of Agri-Business. H.G. Reynolds, father of Michael, is a director and owns ninety-nine shares of Agri-Business' one hundred shares.

Agri-Business was a contract vendee in default under a contract for deed with Andrews. Negotiations between the parties, pertaining to default, deteriorated and stalemated. Andrews initiated a foreclosure action on March 4, 1986. The trial court entered a default judgment in favor of Andrews on April 9, 1986, and ordered a ten-day redemption period. A Certificate of Non-Compliance was entered by the Deuel County Clerk of Courts as no redemption was made. Prior to these foreclosure proceedings, on September 7, 1985, Michael Reynolds privately/individually entered into a lease with Agri-Business (of which he was president) and paid $7,000 unto it on February 25, 1986. Michael Reynolds was aware, at the time he entered this lease, that the corporation was in financial hardship and on the verge of default of its contract for deed with Andrews.

## ADDITIONAL PERTINENT FACTS

Michael Reynolds and his father, H.G. Reynolds, are business associates. Both were involved in the Reynolds Insurance Agency. Both worked in the same office. H.G. Reynolds worked as a real estate broker and his son, Michael, was in the insurance business. Michael Reynolds testified that he knew Agri-Business was delinquent in its yearly contract for deed payment. He further testified that he occasionally conferred with his father concerning renegotiation of the contract. And very importantly, the son testified that he was involved in discussions regarding decisions on offers and counter-offers made by Agri-Business during its renegotiation attempts.

Knowing the corporation was insolvent and in default—knowing where the funds were going which he paid to the corporation for the lease—knowing that he was the president of this corporation—he dealt directly with the corporation—making himself a tenant farmer. This was inside dealing. The trial court would not countenance such a dealing, nor shall we.

## LEGAL ISSUE

Based upon the close personal and legal relationships between H.G. Reynolds, Agri-Business, and Michael Reynolds, was the lease between the corporation and Michael Reynolds a fraudulent conveyance? We uphold the circuit court in its declaration that it was.

## DECISION

If a conveyance is designed to hinder, "delay or defraud any creditor ... [it] is *void* against all creditors of the debtor...." SDCL 54–8–1 (emphasis added). A creditor who asserts fraud as grounds for setting aside a conveyance is charged with the burden of showing that fraud actually exists. *Kary v. Kary*, 318 N.W.2d 334, 338 (S.D.1982); *Hove v. Frazier*, 79 S.D. 551, 554–55, 115 N.W.2d 217, 219 (1962). To establish a conveyance as fraudulent, "actual intent to defraud must be shown," and the existence of fraudulent intent is a question of fact and not one of

---

1. Notice to Quit and Vacate was served on April 22, 1986. Forcible Entry and Detainer was instituted on April 25, 1986. Trial was held before the Honorable Thomas G. Ries on May 5, 1986. Judgment was entered against defendant on June 4, 1986.

law. *Kary*, 318 N.W.2d at 338. *See* SDCL 54–8–13.[2] We note that "a fraudulent conveyance may be established by circumstantial evidence...." *Kary*, 318 N.W.2d at 338 (implying that financial difficulties experienced by the conveyor is one example of such circumstantial evidence) (*citing First Nat'l Bank of Beresford v. Anderson*, 291 N.W.2d 444 (S.D.1980)). Payment of less than adequate consideration by the receiver of the conveyance is also evidence which bolsters a creditor's claim of a fraudulent transaction. *See Hove*, 79 S.D. at 555, 115 N.W.2d at 219; *Smith v. Poppen*, 57 S.D. 25, 32–33, 230 N.W. 229, 232 (1930). *See also* SDCL 54–8–12[3]; *First Nat'l Bank of Beresford*, 291 N.W.2d at 446 (on the topic of inadequate consideration received for a nonconveyance).

 It is also settled that a close relationship between the parties of a conveyance justifies heightened scrutiny of the transfer for indicia of fraud. *See First Nat'l Bank of Beresford*, 291 N.W.2d at 446; *Counts v. Kary*, 67 S.D. 607, 612, 297 N.W. 442, 444 (1941). However, a close relationship, by itself, is insufficient to support an inference of fraud or bad faith. *Kary*, 318 N.W.2d at 338; *Counts*, 67 S.D. at 612, 297 N.W. at 444. In addition, failure to advise a creditor of a conveyance "constitute[s] substantial evidence of ... fraudulent intent." *First Nat'l Bank of Beresford*, 291 N.W.2d at 446.

 A fair summary of the circuit court's Findings of Fact discloses pertinent points for our inquiry. First, regarding financial trouble, Agri-Business, by admission of its majority shareholder H.G. Reynolds, was in serious financial straits to the extent that contract renegotiation was necessary to prevent default by Agri-Business. Second, concerning close relationships between parties to the conveyance, Defendant is H.G. Reynolds' son. Defendant is also the president, a director, and a shareholder of Agri-Business, a corporation in which his father, H.G. Reynolds, is the majority shareholder and also a director.

Through his testimony, Michael Reynolds made clear that he knew Agri-Business was delinquent in its yearly payment and that his father had discussed with him efforts made to renegotiate with Andrews. Third, the circuit court considered the inadequacy of Michael Reynolds' lease payment to Agri-Business. It found that Defendant paid approximately $28.00 an acre while "[t]he existing cash rent per acre for land of similar quality and location at the time of the lease was $35.00 per acre." Finding of Fact (5). Based largely on the information set out above, the circuit court found that Defendant's September 7, 1985 lease was a fraudulent conveyance.

We need not till virgin soil on our scope of review herein. The standard of review in determining whether the trial court erred in determining that the lease entered between Reynolds and Corporation was fraudulent, is whether the findings of fact entered by the trial court were clearly erroneous. *Scott v. Wagner*, 274 N.W.2d 266 (S.D.1979). We hold the findings were not clearly erroneous. Plaintiffs were rightfully entitled to the possession of their land and Michael J. Reynolds should not have activated means to hinder, delay, and defraud that rightful possession.

Affirmed.

WUEST, C.J., and MORGAN and MILLER, JJ., concur.

SABERS, J., concurs specially.

SABERS, Justice (concurring specially).

I write specially to point out that Michael Reynolds' rights in the property as a lessee were *subject to* the rights and obligations of his lessor, Agri-Business, to the owner, Andrews. *Hickman v. Long*, 34 S.D. 639, 150 N.W. 298 (1914); *Prudential Ins. Co. v. Bull Market, Inc.*, 66 Ohio Misc. 9, 420 N.E.2d 140 (1979). Therefore, the trial court finding of fraud was not even necessary to the decision and eviction was proper. SDCL 21–16–1(5). Michael Reynolds' remedy is against his lessor, Agri-Business,

2. SDCL 54–8–13 was repealed by 1987 S.D. Sess.L. ch. 365, § 13, effective July 1, 1987.

3. SDCL 54–8–12 was repealed by 1987 S.D. Sess.L. ch. 365, § 13, effective July 1, 1987.

for breach of lease, SDCL 43–32–6, and not against the owner, Andrews.